IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN THE MATTERS OF THE SEARCHES OF INFORMATION ASSOCIATED WITH: | ) ) ) | FILED UNDER SEAL |
| THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 423-544-8237 (Target Telephone 1) | ) ) ) ) | Case No. 1:21-mj-*151* |
| THE CELLUAR TELEPHONE ASSIGNED CALL NUMBER 423-994-6030 (Target Telephone 2) | ) ) ) ) | Case No. 1:21-mj-*152* |

## AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR SEARCH WARRANTS

I, Marc Saint-Louis, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of applications for search warrants under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about:

    a.  the location of the cellular telephone assigned call number **423-544-8237** utilized by Brandon RAKESTRAW ("**Target Telephone 1/TT-1**"), whose service provider is Sprint/T-Mobile, a wireless telephone service provider whose legal compliance center is headquartered at 16480 Sprint Parkway, Overland Park, KS 66251. **Target Telephone 1** is described herein and in Attachment A-1, and the location information to be seized is described herein and in Attachment B-1.

    b.  the location of the cellular telephone assigned call number **423-994-6030** utilized by Brandon RAKESTRAW ("**Target Telephone 2/TT-2**"), whose service provider is Sprint/T-Mobile, a wireless telephone service provider whose legal compliance center is headquartered at 16480 Sprint Parkway, Overland Park, KS 66251. **Target**

**Telephone 2** is described herein and in Attachment A-2, and the location information to be seized is described herein and in Attachment B-2.

2. Because these warrants seek the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrants therefore include all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I, Marc Saint-Louis, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the United States Department of Justice and have been so employed since January 2020. I am currently assigned to the ATF Chattanooga, Tennessee Field Office. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of, and to make arrests for violations of federal laws, including, but not limited to, Title 18, U.S. Code, Section 1962 and Title 18 and U.S. Code, Section 922g. In addition to my employment with ATF, I have over 9 years of law enforcement experience with the Chattanooga Police Department, Chattanooga, Tennessee. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigators Training Program. I am a graduate of the ATF National Academy's Special Agent Training Program. In the performance of my duties, I have conducted investigations for violations of state and federal laws, including drug trafficking, firearms trafficking, and other violent crimes. I have received specialized training with respect to narcotics and firearms violations and have been involved in numerous investigations involving violent

crimes and the seizure of firearms and controlled substances. I also have a Bachelor of Science in Criminal Justice from The University of Tennessee at Chattanooga.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) have been committed, are being committed, and will be committed by **Brandon RAKESTRAW** There is also probable cause to believe that the location information described in Attachments B-1 and B--2 will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the ATF, is conducting a criminal investigation of Brandon RAKESTRAW and others regarding possible violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b). RAKESTRAW is a validated member of the Bounty Hunter Bloods criminal street gang and has been identified a distributor of heroin in the Eastern District of Tennessee.

8. In May of 2021, your affiant and others conducted surveillance of Brandon ARNOLD at his residence located at 3905 Creekview Lane Apartment A. ARNOLD was the target of an ATF investigation regarding the illegal possession of firearms and ammunition. Your affiant observed RAKESTRAW present at ARNOLD's residence driving a white Chevrolet Tahoe with Tennessee Tag Number CQK782.

9. On May 29, 2021, a Deputy with the Hamilton County Sheriff's office attempted to conduct a traffic stop on the white Chevrolet Tahoe with Tennessee Tag Number CQK782. RAKESTRAW was the driver of the vehicle and failed to stop and elude police at a high rate of speed. The vehicle become inoperable and RAKESTRAW was eventually taken into custody and charged with Evading Arrest, Possession of Drugs for Resale, and Possession of Drug Paraphernalia.

10. In July of 2021, your affiant was contact by a reliable confidential informant who advised that RAKESTRAW had contacted him/her utlizing telephone number **423-544-8237 (TT-1)** and offered to sell/provide the ~~information~~ informant (MSC) with a quantity of heroin. Upon reviewing the informant's cellular phone, I was able to corroborate his/her statement.

11. In July 2021, ATF Task Force Officer (TFO) Lee Wolff received ~~informant~~ information (MSC) from a reliable confidential informant that RAKESTRAW contacted him/her utlizing telephone **423-994-6030 (TT-2)** and offered to sell him/her heroin. TFO Wolff utilized the informant to conduct a controlled purchase of heroin. The informant communicated with RAKESTRAW via **TT-2** to arrange and ultimately consummate the transaction

12. On a separate occasion in July 2021, Chattanooga Police Department Narcotics Detective Robert Dillingham received information from a reliable confidential informant that RAKESTRAW contacted him/her utlizing telephone **423-994-6030 (TT-2)** and offered to sell

him/her heroin. Detective Dillingham utilized the informant to conduct a controlled purchase of heroin. The informant communicated with RAKESTRAW via **TT-2** to arrange and ultimately consummate the transaction. (MSL)

13. Your Affiant believes that based upon the aforementioned probable cause, that **Brandon Rakestraw** is using **Target Cell Phone #1/TT-1 and Target Cellphone #2/TT-2** to facilitate his drug trafficking activities. I believe that obtaining the requested geo-location of **TT-TT-1 and TT-2** through Sprint/T-Mobile will allow investigators to locate the subject(s) utilizing the Target Cell Phones without jeopardizing the investigation and therefore investigators will more likely be successful in obtaining the necessary evidence to further their investigation. I further believe that the requested search warrant will enable investigators to more effectively collect evidence of the crimes being committed by the targeted organization, identify locations utilized by the organization to facilitate their criminal activities, identify co-conspirators and their locations.

14. In my training and experience, I have learned that Sprint/T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are

often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15. Based on my training and experience, I know that Sprint/T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phones, including by initiating a signal to determine the location of the Target Cell Phones on Sprint's network or with such other reference points as may be reasonably available.

16. Based on my training and experience, I know that Sprint/T-Mobile can collect cell-site data about the Target Cell Phones. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Sprint/T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrants, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrants to delay notice until 90 days after the collection authorized by the warrants has been completed. There is reasonable

cause to believe that providing immediate notification of the warrants may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phones would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B-1 and B-2, which is incorporated into the respective warrants, the proposed search warrants do not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrants authorize the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court direct Sprint/T-Mobile to disclose to the government any information described in Attachments B-1 and B-2 that is within the possession, custody, or control of Sprint/T-Mobile. I also request that the Court direct Sprint/T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachments B-1 and B-2 unobtrusively and with a minimum of interference with Sprint/T-Mobile services, including by initiating a signal to determine the location of the Target Cell Phones on Sprint/T-Mobile network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint/T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phones outside of daytime hours.

**FURTHER AFFAIT SAYETH NAUGHT**

Respectfully submitted,

_____
Marc Saint Louis
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Subscribed and sworn to before me on _____July 28_____, 2021

_____
HONORABLE SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A-1

## Property to Be Searched

1. The cellular telephone assigned call number **423-544-8237** utilized by Brandon Rakestraw ("**Target Telephone 1/TT-1**"), whose service provider is Sprint/T-Mobile, a wireless telephone service provider whose legal compliance center is headquartered at 16480 Sprint Parkway, Overland Park, KS 66251.

2. Records and information associated with the **TT-1** that are within the possession, custody, or control of Sprint/T-Mobile: including information about the location of the cellular telephones if they are subsequently assigned a different call number.

# ATTACHMENT B-1

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the **Target Telephone 1/TT-1** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Telephone 1/TT-1**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint/T-Mobile. Sprint is required to disclose the Location Information to the government. In addition, Sprint/T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint/T-Mobile's services, including by initiating a signal to determine the location of the **Target Telephone 1/TT-1** on Sprint/T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint/T-Mobile's for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

### II. Information to Be Seized by the Government

**IF LOCATION INFORMATION IS EVIDENCE OF A CRIME:**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) involving Brandon RAKESTRAW- or unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

## ATTACHMENT A-2

### Property to Be Searched

1. The cellular telephone assigned call number **423-994-6030** utilized by Brandon Rakestraw ("**Target Telephone 2/TT-2**"), whose service provider is Sprint/T-Mobile, a wireless telephone service provider whose legal compliance center is headquartered at 16480 Sprint Parkway, Overland Park, KS 66251.

2. Records and information associated with the **TT-2** that are within the possession, custody, or control of Sprint/T-Mobile: including information about the location of the cellular telephones if they are subsequently assigned a different call number.

# ATTACHMENT B-2

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the **Target Telephone 2/TT-2** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Telephone 2/TT-2**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint/T-Mobile. Sprint is required to disclose the Location Information to the government. In addition, Sprint/T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint/T-Mobile's services, including by initiating a signal to determine the location of the **Target Telephone 2/TT-2** on Sprint/T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint/T-Mobile's for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

### II. Information to Be Seized by the Government

**IF LOCATION INFORMATION IS EVIDENCE OF A CRIME:**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) involving Brandon RAKESTRAW- or unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

Page 2 of 2

Case 1:21-mj-00152-SKL   Document 3   Filed 07/28/21   Page 14 of 14   PageID #: 19